OPINION
On October 3, 1983, appellant, Timothy Kiser, and appellees, Doc and Cheryl Flanagan, entered into a six month lease wherein appellees were to lease a house owned by appellant. In April of 1984, appellees signed six month addendums, the last one signed in April of 1996. Appellees vacated the premises on June 3, 1996. On August 23, 1996, appellant filed a complaint against appellees for damages to the premises and rent due and owing. Due to the death of the magistrate who heard the matter, a trial de novo was held before a magistrate on January 20, 1998. By decision filed May 28, 1999, the magistrate found in favor of appellant on some of his damage claims, and awarded him $3,352.62 as against appellee Doc Flanagan. The magistrate found appellee Cheryl Flanagan was not liable for damages. On June 11, 1999, appellant filed objections to the magistrate's decision. Appellee Doc Flanagan filed objections on June 17, 1999. A hearing was held on August 31, 1999. By judgment entry filed October 27, 1999, the trial court overruled the objections and entered the amount awarded by the magistrate. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED BY HOLDING THAT CO-TENANT CHERYL FLANAGAN DID NOT HAVE USE OR POSSESSION OF THE LEASED PROPERTY AND THEREFORE WAS NOT LIABLE FOR DAMAGES TO THE PREMISES.
 II. THE TRIAL COURT ERRED IN ITS HOLDING THAT APPELLEES WERE NOT LIABLE FOR ALL THE DAMAGES CLAIMED BY APPELLANT TO RESTORE THE PREMISES.
 I
Appellant claims the trial court erred in finding appellee Cheryl Flanagan not to be liable for damages under the lease. We agree. In the magistrate's decision filed May 28, 1999, approved by the trial court, the magistrate held appellee Cheryl Flanagan was not liable for damages, finding "[t]he evidence relating to damages did not support the conclusion that the damage claims of the plaintiff were based on facts attributable to the actions of or occurred during the time that the defendant, Cheryl Flanagan, was occupying the apartment." We note appellant filed objections to this decision but did not supply the trial court with the transcript of the hearing before the magistrate as required by Civ.R. 53(E)(b)(3). However, because this issue centers on a question of law, we find no transcript was necessary. The lease as attached to the complaint, signed by appellee Cheryl Flanagan, contains the following provisions in pertinent part: And it is mutually covenanted and agreed, by and between the parties hereto, that the aforesaid demised premises shall be used and occupied in a careful, safe and proper manner by the said second party; that all fires therein to be kept shall be safely secured, kept and conducted; that the premises aforesaid, or any part thereof, shall not be underlet, nor shall this lease be assigned * * *.
That the second party will deliver up and surrender to the first party, or to the heirs, executors, administrators or assigns of said first party, the possession of the premises hereby leased, at the expiration of the term aforesaid, in a good condition and repair as the same shall be in at the commencement of said term, the natural wear and decay, and the destruction or damage by the elements or electricity, or by an act of God, or by means of invasion, insurrection, riot or civil commotion, or of any military or usurped power, only excepted.
That if any waste be committed upon or unnecessary damage be done to the demised premises, the first party may, for that cause, enter upon the same and avoid this lease, and bring his action for such waste or damage; or he may bring his action and recover for such damage, without avoiding this lease, at his election. This lease and subsequent addendums were signed by appellee Cheryl Flanagan. Clearly appellee Cheryl Flanagan was a party to the lease and was therefore bound by the lease for damages regardless of whether or not she was in possession of the premises. Upon review, we find the trial court erred in finding appellee Cheryl Flanagan not to be liable for damages under the lease. Assignment of Error I is granted.
 II
Appellant claims the trial court erred in excluding certain claimed damages. We disagree. Appellant and appellee Doc Flanagan both filed objections to the magistrate's decision. Civ.R. 53(E)(b)(3) states as follows: (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. (Emphasis added.)
In its judgment entry filed October 27, 1999, the trial court overruled the objections, noting "neither party has requested a transcript of the proceedings in this matter to aid the Court in review of these objections. * * * [I]n order for the court to fully review the Objections raised, a transcript would have been necessary." We concur with this reasoning because the objections (pertaining to this assignment of error) raised factual issues as to the amount of damages and repairs. As the trial court noted in its judgment entry, the submitted exhibits "are one piece of evidence, but not the entire record." We note in his appellate brief, appellee Doc Flanagan lists five additional "assignments of error" on the issue of damages and repairs. Appellee Doc Flanagan did not file a notice of cross appeal pursuant to App.R. 3(C)(1) and App.R. 4(B)(1) therefore, these assignments are stricken. Assignment of Error II is denied.
The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby reversed and remanded.
 ___________________ Farmer, J.
By Edwards, J. and Milligan, V.J. concur.